IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEIDRE C. MOYE, | |
|    Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:07-CV-1321-GET-GGB |
| COLEMAN SECURITY SYSTEMS, | |
|    Defendant. | |

## ORDER

This case is before the Court on Deidre C. Moye's ("Plaintiff's") Motion for Reconsideration and Motion for Extension of Time (Doc. 37). Plaintiff asks me to reconsider my order (Doc. 35) stating that if the parties took no action in this case prior to July 18, 2009, I would recommend that the action be dismissed with prejudice for failure to prosecute. Plaintiff also asks the Court for an extension of time to file a proposed pre-trial order.

Plaintiff filed this employment discrimination action against Coleman Security Systems ("Defendant") and Alpha Protective Services, Inc. Alpha Protective Services, Inc. was dismissed from the case on January 13, 2009. Following the dismissal, no docket entries occurred until the above-referenced order regarding dismissal for failure to prosecute if no action was taken by July 18, 2009. No action was taken until July 20, 2009, when Plaintiff filed a motion for reconsideration asking that I not recommend that

her case be dismissed. For good cause shown, Plaintiff's motion for reconsideration (Doc. 37) is **GRANTED**.

I note that Defendant's pleadings were signed by Gregory D. Coleman ("Mr. Coleman"), who is a licensed attorney and member of this Court. Mr. Coleman indicated in the pleadings that he was proceeding *pro se*. A corporation/company is an artificial entity that cannot appear pro se and must be represented by counsel. <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985). Accordingly, an attorney - Mr. Coleman or another attorney eligible to practice in this Court - must enter an appearance in this case on behalf of Defendant. In the notice of appearance, the attorney must adopt Defendant's prior filings made while Mr. Coleman proceeded *pro se*. If by September 24, 2009 an attorney has not filed a notice of appearance on behalf of Defendant that adopts Defendant's prior filings, I may recommend that the clerk enter a default against Defendant.

In the event that no attorney files a notice of appearance on behalf of Defendant, the Clerk of the Court is **DIRECTED** to resubmit this matter to me at the expiration of the above-allotted time period.

In her motion (Doc. 37), Plaintiff also acknowledges that pursuant to the Local Rules of this Court the parties should have filed a proposed pre-trial order. She seeks

an extension of time to file such a proposed order. I will address this issue, if necessary, upon the appearance of an attorney on behalf of Defendant.

IT IS SO ORDERED this 11th day of September, 2009.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)